UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SUSAN JEAN PHILLIPS,**

    **Plaintiff,**

v.                                    Case No: 5:26-cv-9-PGB-PRL

**JEFFEREY CARIO, ESQ. and JAMES R. JONES, JR., ESQ.,**

    **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion to Seal Exhibits ("Motion to Seal") (Doc. 3), including the Memorandum of Law in Support of Plaintiff's Motion to Seal Exhibits (Doc. 4); Plaintiff's Motion for Expedited Consideration (Doc. 5); and Plaintiff's Motion for Reasonable Accommodations Under the Americans with Disabilities Act ("Motion for Reasonable Accommodations") (Doc. 6). For the reasons explained below, Plaintiff's motions are due to be denied.

**I.  BACKGROUND**

Plaintiff Susan Jean Phillips, proceeding *pro se*, initiated this suit against Defendants on December 18, 2025, by filing a "Civil Rights Complaint Form for Pro Se (Non-Prisoner) Litigants in Actions Under 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983" ("Complaint") in the United States District for the Northern District of Florida and paying the $405 filing fee. (Doc. 1). Plaintiff brings this civil action pursuant to 42 U.S.C. §§ 1983 and 1985, asserting that the private attorneys retained by Plaintiff and her former spouse violated Plaintiff's constitutional rights. (*See generally id.*).

This case was transferred to the Middle District of Florida on January 5, 2026, after the District Court for the Northern District of Florida found that venue was not proper in that district. (Docs. 8-9, 11, & 13). The Court in the Northern District of Florida determined that the more appropriate venue for this action was the Middle District of Florida because both Defendants appeared to be located in the Middle District of Florida; the events giving rise to Plaintiff's claims occurred in Hernando County, Florida, which is located in the Middle District of Florida; any evidence relevant to this case likely is located in the Middle District of Florida and not in the Northern District of Florida; and any witnesses likely are located in the Middle District of Florida and not in the Northern District of Florida. (*See* Doc. 8 at p. 3).

Plaintiff filed the instant Motion to Seal (Doc. 3), the Motion for Expedited Consideration (Doc. 5), and the Motion for Reasonable Accommodations (Doc. 6) simultaneously with the filing of the Complaint, which are now pending before this Court and discussed below.

II. DISCUSSION

A. Motion to Seal

Plaintiff requests that certain exhibits be sealed in this case because those "exhibits document the very events that caused Plaintiff's neurological and psychological injury." (Doc. 4 at p. 2). She claims that "public dissemination [of those exhibits] would require repeated exposure to traumatic material, causing re-victimization[,] and impairing Plaintiff's ability to participate meaningfully in the proceedings[,]" as well as "expose [her] and others to heightened safety risks." (*Id*. at pp. 2-3). Plaintiff contends that the exhibits contain Plaintiff's medical information, disability-related records, financial data, and identifying information of private individuals and family members. (*Id*. at p. 2).

Local Rule 1.11 governs the sealing of items in a civil action in this district. *See generally* M.D. Fla. Local Rule 1.11. In particular, when filing a motion to seal an item, the movant must provide the following:

> (1) [M]ust include the title 'Motion to Seal Under [Statute, Rule, or Order]' or, if no statute, rule, or order applies, 'Motion to Seal'; (2) must describe the item; (3) must establish (A) that filing the item is necessary, (B) that sealing the item is necessary, and (C) that using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) must include a legal memorandum; (5) must propose a duration for the seal; (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintain the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (8) must include the item, which is sealed pending an order resolving the motion.

M.D. Fla. Local Rule 1.11(b).

In addition to compliance with the Local Rules, the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings. *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."). Indeed, courts in this country "recognize a general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (internal footnotes omitted); *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam) (recognizing that it has long been established that the public has a common law right to access judicial proceedings, including the right to inspect and copy public records and court documents). The filing of documents under seal is generally disfavored because, as the Eleventh Circuit has explained, "[t]he operations of the courts and the judicial conduct of

judges are matters of utmost public concern, and common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted); *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-JBT, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010).

However, "[t]he common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *See Romero*, 480 F.3d at 1246 (providing several factors that courts may consider when balancing these interests) (quoting *Chicago Trib. Co.*, 263 F.3d at 1309); *see also Brown*, 960 F.2d at 1016 (explaining that unless a party can show "extraordinary circumstances," a court file must remain accessible to the public). "[A] party requesting to seal any portion of a judicial record bears [a] heavy burden of showing that the material is the kind of information that courts will protect." *Doe v. Neighborhood Rest. Partners*, No. 8:22-cv-2483-TPB-CPT, 2022 WL 17360654, at *1 (M.D. Fla. Dec. 1, 2022) (citation and internal quotation marks omitted).

As a threshold matter, Plaintiff's Motion to Seal does not comply with the requirements of Local Rule 1.11(b). Plaintiff fails to establish that using a redaction or means other than sealing is unavailable or unsatisfactory, propose a duration for the seal, and she did not attach the items proposed for sealing. Aside from these procedural deficiencies, Plaintiff has not met her burden of demonstrating good cause to seal the exhibits or any other filings in this case. In short, Plaintiff does not provide adequate support for her broad and vague request to seal documents in this action.

### B. Motion for Reasonable Accommodations

Plaintiff requests reasonable accommodations under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq*. ("ADA"), so that she can be afforded equal access to judicial proceedings and review. (Doc. 6). In her motion styled as a Motion for Reasonable Accommodations, Plaintiff states that she has been diagnosed "with disabilities affecting [her] communication processing, stress response, and the ability to participate effectively in legal proceedings without written support and procedural assistance." (*Id*. at pp. 1-2). She contends that her disabilities "substantially limit major life activities involving communication, concentration, and stress regulation in high-demand environments such as court proceedings." (*Id*. at p. 2). Given these limitations from her disabilities, Plaintiff asks for the following accommodations: (1) that all communications (including instructions, notices, scheduling information, deadlines, and other requirements) be provided to her in writing; (2) that she receive extensions or additional time when needed; (3) assignment of an ADA coordinator, designated court staff, or other advocate to assist her; (4) assistance with electronic filing; and (5) personal assistive technology that allow her to participate effectively in hearings. (*See id*. at pp. 2-4).

With respect to Plaintiff's request to receive communications in writing, the Court's Order for Pro Se Litigants entered on January 6, 2026, provides that "[t]he Court will mail to you a copy of every order entered by the Court to the last address it has on file." (Doc. 10 at pp. 3-4). Plaintiff is advised to review the Court's Order for Pro Se Litigants (Doc. 10), highlighting the commonly applicable rules that *pro se* litigants must follow in this Court. As to electronic filings, Plaintiff has not requested, nor has the Court permitted Plaintiff to file documents in CM/ECF or receive electronic notices of filing via email in this case. *See*

Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida ("Absent a court order, a pro se litigant is not permitted to file documents in CM/ECF."); *Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023) ("[T]he Court in its discretion may grant a pro se party permission to receive electronic notifications."). Should Plaintiff wish to file documents electronically or receive notices of electronic filing via email, she may file the appropriate motion requesting permission to do so.

As for accommodations and access to judicial proceedings, Plaintiff "is entitled, as are all litigants, to reasonable access to the court." *See Allen-Armbrister v. Colonial Pipeline Co.*, 820 F. App'x 867, 869 (11th Cir. 2020). The Court provides assistance to participants in court proceedings who are deaf, hearing-impaired, or have communication disabilities. Plaintiff may visit the Court's website for further information regarding accommodations and services that the Court provides (https://www.flmd.uscourts.gov/accommodations).

With regard to Plaintiff's request regarding extensions, to the extent that Plaintiff seeks additional time to comply with any deadlines set forth in the Local Rules or any Court Order, Plaintiff may file a motion requesting an extension of time or other specific relief when needed. *See generally* M.D. Fla. Local Rule 3.01. While the Court is aware that Plaintiff is proceeding *pro se*, without the benefit of counsel, and that she alleges that various impairments impact her ability to think, communicate, and concentrate, Plaintiff is still required to follow the same procedural rules and deadlines as other litigants. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989); (Doc. 10 at p. 1) (stating that the rules including, among others, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules of the United States District Court for the Middle District of Florida "apply to all parties regardless

of whether they have a lawyer") (citing *Moon*, 863 F.2d at 837). Courts cannot act as counsel for plaintiffs or rewrite pleadings. *See United States v. Cordero*, 7 F.4th 1058, 1068 n.11 (11th Cir. 2021) (citation omitted). And *pro se* litigants must still comply with the procedural rules applicable to ordinary civil litigation. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

To the extent Plaintiff requests court-appointed counsel, Plaintiff has no right to the appointment of counsel, and she has not shown the existence of any exceptional circumstances requiring the appointment of counsel at this early stage in the litigation. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (per curiam) (stating that the appointment of counsel is a privilege justified only by the existence of exceptional circumstances, such as where the facts and legal issues in the case are so novel or complex as to require the assistance of a trained practitioner) (citation omitted); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (reasoning that the key question for a court determining whether to appoint counsel "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court[,] and "[w]here the facts and issues are simple, he or she usually will not need such help"); *Collins v. Homestead Corr. Inst.*, 452 F. App'x 848, 850 (11th Cir. 2011) (per curiam) (listing several factors that courts consider in determining whether to appoint counsel for a *pro se* litigant). A review of the pleadings reveals that the legal issues involved in this action are neither complex nor novel. (*See* Doc. 1). Additionally, upon review of the filings made to date, Plaintiff has demonstrated that she can prepare her own submissions to the Court, she has a basic understanding of the legal process, and can articulate her position as well as that of the average *pro se* litigant.

Further, an ADA coordinator or other individual who is not a licensed attorney cannot represent the legal interests of Plaintiff in this action, and as such, she may not receive legal

assistance regarding the Court's procedures. *See Bey on behalf of Baxter v. Florida*, No. 4:24-cv-517-MW/ZCB, 2025 WL 351425, at *1 (N.D. Fla. Jan. 6, 2025), *report and recommendation adopted sub nom. Bey on Behalf of Baxter v. State*, 2025 WL 350387 (N.D. Fla. Jan. 30, 2025) ("Put simply, an individual who is not a licensed attorney may not represent the legal interests of another person in federal court.") (internal footnote omitted); 28 U.S.C. § 1654 (authorizing parties in federal cases to "plead and conduct their own cases personally or by counsel"); *see also Wheat v. United States*, 486 U.S. 153, 159 (1988) ("Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent [parties] (other than himself) in court.") (internal footnote omitted).

Despite proceeding *pro se*, Plaintiff is reminded that she is still required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website (http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Additionally, resources and information related to proceeding in court without a lawyer, including a handbook entitled "Guide for Proceeding Without a Lawyer," can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm).

### III.   CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion to Seal Exhibits (Doc. 3) is **DENIED**.

(2) Plaintiff's motion styled as a Motion for Reasonable Accommodations Under the Americans with Disabilities Act (Doc. 6) is **DENIED**.

(3) Plaintiff's Motion for Expedited Consideration (Doc. 5) is **DENIED as moot**, in light of the issuance of this Order.

- 9 -

**DONE** and **ORDERED** in Ocala, Florida on January 13, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties