**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**SUSAN JEAN PHILLIPS,**

    **Plaintiff,**

**v.**                                                                 **Case No: 5:26-cv-9-PGB-PRL**

**JEFFEREY CARIO, ESQ. and JAMES**
**R. JONES, JR., ESQ.,**

    **Defendants.**

_____

**ORDER**

This cause, upon referral, comes before the Court on a Motion to Dismiss Plaintiff's Complaint for Improper Service of Process ("Motion to Dismiss") filed by Defendant Jefferey Cario. (Doc. 17). Because the Motion to Dismiss does not comply with Local Rule 3.01(g), it is due to be denied without prejudice.

Local Rule 3.01(g) provides that before filing any motion in a civil case, subject to certain exceptions that are not applicable here, the movant must confer, or attempt to confer, with the opposing party in a good faith effort to resolve the motion and include a "Local Rule 3.01(g) Certificate" at the end of the motion, in which the movant certifies it has conferred with the opposing party, state whether the parties agree on the resolution of all or part of the motion, and if the motion is opposed, how the conference was conducted. *See* M.D. Fla. Local Rule 3.01(g); *see also Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla. 1996) ("Local Rule 3.01(g) requires a moving party to confer with [the] opposing [party] prior to filing a motion to dismiss for improper service or improper process in a good faith effort to resolve the issue."). Local Rule 3.01(g) applies to both counseled and *pro se* parties, and thus,

requires movants to confer with *pro se* parties. *See Good Gateway, LLC v. Orlando Gateway Partners, LLC*, No. 6:25-cv-120-WWB-RMN, 2025 WL 2083415, at \*1 (M.D. Fla. Feb. 19, 2025); *Toro v. Unite Here 362*, No. 6:23-cv-1059-WWB-LHP, 2023 WL 9110902, at \*2 n.1 (M.D. Fla. Sept. 25, 2023) ("Local Rule 3.01(g) applies with equal force to cases involving *pro se* parties.").

"The importance of Local Rule 3.01(g) 'cannot be overstated.'" *Craig v. Target Corp.*, No. 2:23-cv-599-JLB-KCD, 2023 WL 11257275, at \*1 (M.D. Fla. Dec. 4, 2023) (citation omitted). Local Rule 3.01(g) "is designed to foster communication between the parties and help resolve certain disputes without court intervention[,]" and it helps "ensure the finite resource of judicial time is expended on genuine disputes[.]" *See id.* (citations and internal quotation marks omitted); *Desai*, 944 F. Supp. at 878; *McLaughlin v. Select Rehab. LLC*, No. 3:22-cv-59-HES-MCR, 2023 WL 3009868, at \*3 (M.D. Fla. Mar. 15, 2023); *see also Walker v. Corizon Health, Inc.*, No. 6:22-cv-1761-PGB-DAB, 2023 WL 422937, at \*1 (M.D. Fla. Jan. 26, 2023) (explaining that "[t]he underlying spirit animating the Court's requirement that the parties confer in good faith prior to filing certain motions is the hope that the parties' counsel will work amicably to resolve their clients' differences and thereby, from time to time, obviate the unnecessary taxing of the Court's time and judicial resources").

A violation of Local Rule 3.01(g) "constitutes sufficient grounds to deny the relief sought by the noncompliant moving party." *See Esrick v. Mitchell*, No. 5:08-cv-50-OC-10GRJ, 2008 WL 5111246, at \*1 (M.D. Fla. Dec. 3, 2008) (internal footnote omitted); *see also* Middle District Discovery (Feb. 1, 2021) at Section I.A.2 (noting that Local Rule 3.01(g) is "strictly enforced"). Indeed, in the Middle District of Florida, "[m]otions are routinely denied for failure to comply with Local Rule 3.01(g)." *See Doe v. Platinum Props. Inv. Network, Inc.*, No.

6:18-mc-55-ORL-41GJK, 2018 WL 6983484, at *2 (M.D. Fla. Dec. 13, 2018); *Milfort v. Rambosk*, No. 2:21-cv-366-SPC-MRM, 2021 WL 2401848, at *1-2 (M.D. Fla. June 10, 2021) (discussing the importance of Local Rule 3.01(g) and denying motions to dismiss for failure to comply with the rule).

Defendant Jefferey Cario's Motion to Dismiss is due to be denied without prejudice for failure to comply with Local Rule 3.01(g). He did not include the certification of good faith conferral required by Local Rule 3.01(g) in the Motion to Dismiss, and there is no indication that he attempted to confer with the *pro se* Plaintiff before moving to dismiss the complaint in this case. *See, e.g.*, *Good v. United States Postal Service, et al.*, No. 3:25-cv-1103-WWB-SJH, 2026 WL 396846, at *1 (M.D. Fla. Feb. 12, 2026) (denying defendant's motion to dismiss *pro se* plaintiff's amended complaint without prejudice because the motion did not comply with Local Rule 3.01(g)); *Good Gateway, LLC*, 2025 WL 2083415, at *1 (denying third-party defendant's motion to dismiss without prejudice for failure to comply with Local Rule 3.01(g)); *Bourjolly v. Werner Auto. Holdings*, No. 6:25-cv-15-DCI, 2025 WL 1677718, at *1 (M.D. Fla. June 13, 2025) (denying defendants' motion to dismiss *pro se* plaintiff's complaint, and motion to quash service of process and motion to dismiss for insufficiency of service of process without prejudice because defendants failed to comply with Local Rule 3.01(g) by not including the required certification in either motion); *see also Desai*, 944 F. Supp. at 878 (denying defendant's motion to dismiss for insufficient process and insufficient service as moot, and noting that defendant's motion to dismiss failed to comply with Local Rule 3.01(g) because it did not include a Local Rule 3.01(g) certification).

Any renewed motion must comply with Local Rule 3.01(g). *See Good Gateway, LLC*, 2025 WL 2083415, at *1 ("The term 'confer' in Rule 3.01(g) requires a substantive

conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter, or e-mail.”); *see also Davis v. Apfel*, No. 6:98-cv-651-ORL-22A, 2000 WL 1658575, at *2 n.1 (M.D. Fla. Aug. 14, 2000) (construing “confer” in Local Rule 3.01(g) to mean “speak[ing] to each other in person or by telephone, in a good faith attempt to resolve disputed issues”). Going forward, the Court expects compliance with Local Rule 3.01(g) and all of the Local Rules in future filings.

Accordingly, Defendant Jefferey Cario’s Motion to Dismiss Plaintiff’s Complaint for Improper Service of Process (Doc. 17) is **DENIED without prejudice**, subject to refiling, if appropriate, in compliance with the Local Rules. Defendant Jefferey Cario may renew his motion on or before **March 10, 2026**.

**DONE** and **ORDERED** in Ocala, Florida on February 24, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties